IT IS ORDERED

Date Entered on Docket: February 7, 2023



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Meagan Carpenter                          Case No. 22-10926-t7

       Debtor(s).

**DEFAULT ORDER GRANTING U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR ANGEL OAK MORTGAGE TRUST I, LLC, 2018-3, MORTGAGE-BACKED CERTIFICATES, SERIES 2018-3 RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 1404 VERDEL AVENUE, CARLSBAD, NEW MEXICO 88220**

       This matter came before the Court on the Motion for Relief from Stay and Abandonment (Real Property) regarding Property located at 1404 Verdel Avenue, Carlsbad, New Mexico 88220 filed on January 9, 2023, Docket No. 14 (the "Motion") by U.S. Bank National Association as Trustee for Angel Oak Mortgage Trust I, LLC, 2018-3, Mortgage-Backed Certificates, Series 2018-3 ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

       (a)      On January 9, 2023, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    (b)    The Motion relates to the following property:

THE SURFACE ESTATE ONLY OF:

TRACT C OF ROGERS LINE AJUSTMENT, A SURVEY OF PART OF BLOCK 31 OF THE LA HUERTA SUBDIVISION AND PART OF THE NW1/4 OF SECTION 33 AND PART OF THE SW1/4 OF SECTION 28, TOWNSHIP 21 SOUTH, RANGE 27 EAST, N.M.P.M., EDDY COUNTY, NEW MEXICO.

(the "Property").

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on February 2, 2023.

    (f)    As of February 3, 2023, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on February 3, 2023 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    (a)    To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable

non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

   (b)  To exercise any other right or remedy available to them under law or equity with respect to the Property.

 2.  The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

 3.  The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

 4.  This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

 5.  This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

 6.  This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /s/Electronically submitted/ February 3, 2023
Joshua T. Chappell
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722


Copies to:

Jason Michael Cline
Attorney for Debtor
Jason Cline, LLC,
2601 Wyoming Blvd, NE, Suite 108
Albuquerque, NM  87112

Clarke C. Coll
Trustee
PO Box 2288
Roswell, NM  88202-2288

Meagan Carpenter
Debtor
4720 Adobe St.
Carlsbad, NM  88220